Commonwealth of Pennsylvania, Department of Environmental Resources, Petitioner, *v.* Borough of Galeton, Vincent Salvadge, Council Vice President; Robert T. Evans, Councilman; Duane H. Allen, Councilman; Michael A. Hoza, Councilman; Richard Thompson, Councilman; Galeton Borough Authority; Basil Harris, ex-Authority Member; Robert Greene, ex-Authority Member; Paul Tubbs, ex-Authority Member; William Cimino, ex-Authority Member, Respondents.

Submitted on briefs to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Gerald C. Grimaud,* Assistant Attorney General, for petitioner.

*D. Bruce Cahilly,* for respondents.

OPINION BY PRESIDENT JUDGE BOWMAN, December 6, 1973:

As are many cases that come before this Court, this case is one of first impression in Pennsylvania. On March 7, 1973, the Department of Environmental Resources (DER) filed a petition to enforce a DER order issued pursuant to Section 203 of The Clean Streams Law and to adjudge the Borough of Galeton and named public officials thereof in contempt pursuant to Section 210 of The Clean Streams Law, Act of June 22, 1937, P. L. 1987, *as amended,* 35 P.S. §691.210.

The respondents filed preliminary objections to DER's petition in the form of a motion to strike for petitioner's failure to name all of those officials in office at the time of the filing of the petition. Instead the petition named among the respondents some of those individuals in office at the time of the issuance of the original DER order.

Section 210 of The Clean Streams Law provides that if a municipality fails to comply with a DER order issued pursuant to Section 203, the "corporate authorities shall be guilty of contempt and shall be punished by the court in an appropriate manner." This Court has recently held in *Commonwealth v. Derry Township,* 10 Pa. Commonwealth Ct. 619, 314 A. 2d 874 (1973) (No. 673 C.D. 1972, filed November 21, 1973), that the dominant purpose of the contempt procedure under The

168

Clean Streams Law is remedial in nature, to coerce the municipality and the Authority into compliance with DER orders.

Since the dominant purpose of Section 210 contempt proceedings is remedial, to secure compliance of the DER order, it would serve little purpose for this Court to find ex-public officials in contempt as they are at the present time powerless to comply with any remedial action deemed appropriate by this Court. On the other hand, it is essential that the present officeholders be so named if effective action is to be produced.

Therefore, DER must include in its petition to enforce its order and to adjudge respondents in contempt all those persons who are members of the concerned local governing body or bodies at the time of the filing of the petition.

Accordingly, we enter the following

ORDER

Now, December 6, 1973, the respondents' preliminary objections are sustained and petitioner is granted leave to amend its petition consistent with this opinion within twenty (20) days hereof. Upon failure to do so, the petition is dismissed.